MYER AND OTHERS, EXECUTORS OF MYER, *against* COLE & NIVEN, EXECUTORS, &c.

THIS was an action of *assumpsit.* The declaration contained three counts. The first count was for money paid, &c. goods sold, &c. by the plaintiffs' testator, to the defendants' testatrix, in their lifetime, respectively, and the promises alleged to have been made by the defendants' testatrix to the plaintiffs' testator. The second count was for work and labour, and the promise laid in the same manner as in the first count. The third count stated, that the defendants, *as executors aforesaid,* were indebted to the plaintiffs' testator, in his lifetime, as well for his work and labour, &c. about the funeral of the said *Hannah Myer,* deceased, " done and performed at their special instance and request, as for divers materials, &c. necessary on that account, by the said testator furnished, &c. at his own proper costs and charges, and used and employed at and about the funeral of the said *H. M.*" and " being so indebted, the said defendants, as executors aforesaid, in consideration thereof, &c.

*A count on a cause of action arising after the death of the testator, cannot be joined with a count on a cause of action arising in his lifetime.*

*A declaration in assumpsit, against executors, contained three counts, in the two first of which, the promises were laid to have been made by the testator in his lifetime, and the last stated, that the defendants, as executors aforesaid, being indebted, &c. for work and labour, &c. about the funeral of the testator, " done and performed at their special instance and request, " &c. and that, in consideration thereof, the defendants, " as executors aforesaid," undertook, &c. The declaration was held bad, on a*

ration thereof, the defendants, " as executors aforesaid," undertook, &c. The declaration was held bad, on a general demurrer.

undertook, and promised, &c. to pay to the plaintiffs' testator, in his lifetime," &c.

To this declaration there was a demurrer and joinder thereon, which was submitted to the court without argument.

*Per Curiam.* The declaration is clearly bad. The cause of action, stated in the last count, arose after the death of the testatrix, and could not be joined with a cause of action arising in her lifetime. It would require different judgments. The defendants would be personally liable on the cause of action as stated in that count; for the promise is not alleged to have been made by them as executors. They were only named as executors, as a mere *descriptio personæ.* (*Bridgen* v. *Parkes,* 2 *Bos. & Pull.* 424. *Jennings* v. *Newman,* 4 *Term Rep.* 347. *Carter* v. *Phelps's administrator,* 8 *Johns. Rep.* 440.) That the funeral expenses of the defendants' testatrix would be payable out of her estate, is no answer to the form of the declaration. It was a cause of action arising after her death, and for which she could have made no promise. There must be judgment for the defendants, with leave to amend, on payment of costs.