Ewing, C. J.
This case comes before us on a writ of error to the Inferior Court of Common Pleas of the county of Salem. The action was brought -by Charles Sibbit, the plaintiff in error, in a plea of trespass on the case against *164] Stacy Lloyd, administrator, and Sarah *Borden, administratrix of William Borden, deceased. The declaration contains two counts. The first count alleges that the said Stacy Lloyd, administrator, and Sarah Borden, administratrix as aforesaid, were indebted to the said Charles Sibbit in f300, for so much money by the said Charles Sibbit 'before that time paid, laid out and expended to and for the use of the said Stacy Lloyd, as administrator, and the said Sarah Borden, as administratrix as aforesaid; and being so indebted, the said Stacy Lloyd, administrator, and Sarah Borden, administratrix as aforesaid, promised, &c. The second count is for money had and received by the said Stacy Lloyd, administrator, and Sarah Borden, administratrix as aforesaid, wherefor the said Stacy Lloyd, as administrator, and Sarah Borden, as administratrix as aforesaid, were indebted; and the said Stacy Lloyd, administrator, and Sarah Borden, administratrix as aforesaid, promised to pay.
To this declaration, the defendants filed a general demurrer.
On the part of the plaintiff, it is admitted that no right of action against the defendants in their representative *195 •capacity is disclosed by this declaration, and that as therein charged, they are only personally liable. Judgments on such counts, it is said in the books, could only be de bonis propriis. Jennings v. Newman, 4 T. B. 347; Bridgen v. Parkes, 2 B. & P. 424; Rose v. Bowler, 1 Hen. Bl. 108; Myer v. Cole, 12 John. 349. I do not find, however, either in these, or in any other cases, any direct support for counts so framed. If the defendants are answerable, and answerable only in their personal capacity, the declaration ought to be so drawn. To allege that they were indebted as administrators, and that the said Stacy Lloyd, administrator, and Sarah Borden, administratrix as aforesaid, promised, when they were in truth indebted in their own rights, and in their private capacity made these promises; and to suffer under such a declaration, proof of contracts, either express or implied, in the private capacity of the defendants, are inconsistent with the simplicity and truth whereby pleadings ought always to be characterized. If the declaration in this case discloses no right of action in a representatve capacity, why mention such capacity ? Can it serve any other end than to mislead ? We find in the books precedents of promises by executors and administrators, but they are in general on contracts made, or liabilities incurred by the deceased, *in his life time; and they have been adopted to avoid [*165 the statute of limitations. These, however, stand on very different ground; for they are, in truth, against the representatives as such, and the judgments to be obtained are against the goods and chattels of the deceased. It is argued by the plaintiff’s counsel, that the words administrator and administratrix, are mere deseriptio personarum, .and. may be disregarded as surplusage. Why, however, should matters of description be permitted, which are not only utterly useless, but adapted to deceive ? and although courts are oftentimes willing to regard unnecessary words as unvitiating surplusage, yet neither the reason nor the rule can apply in a case like the present, and especially when the objection is taken upon demurrer.
*196 The plaintiff’s counsel has not cited either precedent or adjudication in point, in support of the counts in this declaration. In Rann v. Hughes, the question was not raised. The decision turned on the nature of the cause of action as set forth in the declaration. In Jennings v. Newman, the demurrer was sustained on the. misjoinder of causes of action; and the court say the cause of action in the last count would have warranted a judgment de bonis propriis,. but do not speak of the question now under consideration. The same remark may be made upon Myer v. Cole.
On the other hand, Ohitty says, “ A count for money lent to or had and received by an executor, as such is not sustainable.” 1 Chit. pi. 205; Rose v. Bowler 1 Hen. Bl. 108,. is to the same effect. In Powell v. Graham, 7 Taunt. 580,. Park, J. said, “ If money were lent to an executor himself, even though it were to be employed for the purposes of the testator, yet the loan is merely to the executor himself.”' The plaintiff’s counsel cited the cases of Smith v. Barrow,. 2 T. R. 477; and King v. Thorn, 1 T. R. 487, in which, executors were permitted to sue as such on causes of 'action' arising after-the decease of the testator; and argued,'that as representatives might, as plaintiffs, thus sue, by parity of’ reasoning they might, as defendants, be so sued. In both of those cases, however, the causes of action, if recovered, were assets; and in the latter of them, Buller, J. said, “ The only question is, whether the sum when recovered, will be considered as assets of the testator. If so,. *166] that is all the court will *look to.” How there is no parity of reasoning between a case -where the demand is for assets, and where the recovery must necessarily be in favor of the, plaintiff in his representative capacity, and a case-where the demand is not against the assets, where the defendant is liable personally, and not as a representative,, and where in case of recovery the charge is not on the 'estate of the deceased, but on that of the defendant himself.
I am of opinion, therefore, that the Court of Common Pleas might properly have rendered judgment on this- *197 •demurrer, in favor of the defendants. But we can at present do no more than express this opinion. On looking into the return made to the writ of error, we do not find the evidence required by our statute that any judgment has been rendered by the Court of Common Pleas. We find upon the return, after the demurrer, a copy of a rule for judgment as usually entered on the minutes of the court, and the certificate of the clerk is, that the copies are taken from the files and minutes. The entry, after giving the names of the parties, is to this effect: “ The argument of this cause coming on to be heard, and being argued by the respective counsel of the said parties, the court give judgment upon demurrer against the said plaintiff in favor of the said defendant. On motion of,” &c.
We cannot, therefore, as the matter now stands, render a judgment of affirmance. We cannot undertake to affirm what does not appear to us to exist.
Dbakb, J.
It is well settled, that upon a contract made by an executor or admr., although expressed to be made in that capacity, (unless it bo a mere promise to prevent a debt contracted by the deceased, being barred by the statute of limitations, or a statement of account upon such previously existing debt) an action cannot bo maintained against the •executor or administrator in his representative capacity, and judgment entered so as to bind the effects of the testator or intestate. And a count for money had and received by an executor or administrator, as such, cannot be joined to a count on a promise made by the testator or intestate; 1 Chitty, 205 and 206; 1st Term. rep. 487; 4th do. 347; 2 Saunders 117, n. d.; 1st H. Bl. 108; 12th Johnson, 349. Indeed this is conceded by the plaintiff’s attorney in this cause, but he insists *that the term administrators [*167 ■made use of in the pleadings, is a mere descriptio persona-rum, which may be rejected as surplusage, and judgment entered against the defendants in their individual capacities. And he has cited, on this point, 4th Term rep. 348; 7th do. *198 .350, n. a.; and 12th Johnson, 349. Hone of these cases support the plaintiff to this extent. They merely establish the principles before mentioned, as conceded in this cause.
It -is laid down in 1 Chitty, 205, that a “ count for money lent to, or had and received by an executor, as such, is not sustainable.” The authorities cited, do not expressly support .the author in this position. But I think it correct, notwithstanding. Although upon general process, a plaintiff may declare in a special character, yet this rule will not hold e conversó; 4 Burr. 2417; 6th Term rep. 158; 8 do. 416; 1 Bos. & Pul. 383. But in the case before us, not only the process, but the declaration is special. Should it be permitted then, that the judgment be entered against the defendants in a different right? Or, if they be not legally liable in the mode in which they are sued and declared against, must they wait until after judgment to see’ whether the plaintiff will pursue his declaration, and follow . out the demonstration which he has made, or vary from it, and take, judgment according to his legal rights? The action, being special, the judgment would naturally follow it, and the defendants had good reason to apprehend that it would be entered against them in their representative capacities, and that the estate of the intestate, and their own sureties as administrators, would thus become bound contrary to law. The defendants might indeed have had a remedy by writ of error. But they were under no obligation to leave the matter in uncertainty, or to wait the result of the plaintiff’s action. The law has enabled them to arrest the proceeding at an earlier and more convenient stage, and thus prevent the mischief; and they have taken the proper means to do so; and they ought not now to be overruled, and subjected to costs, upon the suggestion of the plaintiff that he will, notwithstanding his action is against them as-administrators, enter a general judgment, de bonis propriis-.
It appears to me that the counsel for the plaintiff lays too much stress upon the circumstance that the promises *199 aro laid to have been made by the defendants, administrators, and not, as administrators, as it should have been to bind them in their representative *character, upon [*168 promises so made, lsi Chitty, 206. The argument is, that as it thus appears that the promise is not properly laid to justify the special judgment, therefore, & general judgment may be' entered. But this does not follow. It may be bad for the one purpose without beitig good for the other. The whole declaration is drawn in the ordinary form of declaration against administrators, except in this particular; and the promise not being laid with technical accuracy, will not enable the plaintiff to escape the effects of the demurrer. It shews the declaration insufficient in this particular, as well as in the cause of action set out, to sustain the proceeding against the defendants in their special character; but, for the reasons already given, the plaintiff ought not to be permitted to turn round, and enter a general judgment. Had this action been commenced against the defendants in their private capacities, and the general scope of the declaration corresponded therewith, it might with some propriety be contended that the addition of administrators of William Borden, deceased,, inserted in some part of the declaration, should be considered as a mere descriptio personarum, and rejected as surplusage. But it is carrying this doctrine too far, to strike out so much of the declaration as to defeat the action as brought, and convert it from a demand against the defendants, as administrators, into one against them, as private individuals. I, therefore, think that there is no error in the opinion of the Common Pleas.
Ford, J., concurred.