ROBBINS and another v. GILLETT, Administrator of GILLETT, deceased.

2p 439
s106 181

1. PLEADING—TRESPASS.—Where in a declaration for . trespass, it is charged that the defendants broke and entered the close of the plaintiff, "administrator as aforesaid," and throughout alleges the injury to have been done to the plaintiff's close, *held*, that these words were mere *descriptio personæ*, and that the count was in his personal and not in a representative capacity.

2. PLEADING—JOINDER OF CAUSES OF ACTION.—An executor or administrator may join a cause of action which accrued to the testator or intestate, with one which has accrued to him in his representative capacity, if the money, when recovered, would be assets.

3. SAME—EXECUTOR—ADMINISTRATOR.—Where an executor or administrator sues in his representative capacity, he cannot join causes of action which have accrued to him in his personal capacity with those which have accrued to him as executor or administrator.

(2 *Chand.* 96.)

ERROR to the County Court for *La Fayette* County.

This was an action of trespass *quare clausum fregit* brought by the defendant in error as administrator, etc. There were two counts in the declaration. The first set out a cause of action in his own right; the second a cause of action accruing to him as administrator.

To this declaration the defendants demurred specially; assigning several causes, as follows :    1. That the , declaration contained two causes of action ; one in right of the plaintiff below, and another in right of himself as administrator.    2. That the declaration was double, and set out two distinct causes of action. · 3. That the declaration does not, in the second count, aver that the decedent Benoni R. Gillett was seized, at the time of his death, of the premises upon which the alleged trespass was committed.    4. That the second count alleges that the defendants below committed waste, spoil and destruction of the freehold of the decedent.    5. That the declaration did not allege that the defendants below committed the trespass subsequently to the death of Benoni

R. Gillett.    6. That both counts of the declaration virtually
set up a right, solely in the plaintiff below, to maintain the
action on his own account.    7. That the declaration did not
allege the injury to have been done to the plaintiff's damage,
etc.    The court overruled the demurrer, and gave judgment
for the plaintiff for the amount claimed in the declaration, and
the cause came into this court by a writ of error.

*A. F. Culver*, for plaintiffs in error, cited in support of the
several points made by the demurrer, 1 Chitty Plead. 234,
260 ; Tollers Ex'rs. 176 ; Rev. Stat. 367 ; 5 Wend. 36.

*M. M. Cothren*, for defendant in error.


WHITON, J.    This was an action of trespass *quare clausum
fregit*, brought in the county court of La Fayette county, by
the plaintiff, as the administrator of the goods, etc., of Benoni
R. Gillett, deceased.

By chapter 69, section 7 of the Revised Statutes, it is pro-
vided that the executor or administrator, shall have a right to
the possession of all the real, as well as the personal estate of
the deceased, and may receive the rents, issues and profits, etc.

Under this section, the plaintiff claims the right to main-
tain this action.

The declaration contains two counts, to which a demurer
was interposed ; the demurrer was overruled by the court,
and a judgment rendered for the plaintiff.

We are satisfied that the judgment is erroneous.    The first
count charges that the defendants broke and entered the close
of the plaintiff, " administrator as aforesaid," and throughout,
alleges the injury to have been done to the plaintiff's close.
The addition of the words " administrator as aforesaid," does
not alter the nature of the allegation, as these words are a
mere *descriptio personæ*.    *Myers v. Cole*, 12 Johns. 349.

The second count, on the contrary, sets forth an injury to
the land belonging to the estate of the deceased, and contains
an averment that the plaintiff was duly appointed adminis-

trator, etc. It is clear that damages recovered for the injury complained of in this count, would be assets in the hands of the administrator, while those recovered in the first count would not be. Formerly it was held that an executor or administrator could not join a cause of action accruing to the testator or intestate with one accruing to himself in his representative capacity; but now the better opinion seems to be that whenever the money, when recovered, would be assets, the executor or administrator may declare for it in his representative character. Williams on Ex'rs, 1329; 8 Wend. 530. But when he sues in this character, he cannot join counts on causes of action accruing to him individually with those which have accrued to him as executor or administrator. 1 Chitty's Pl. 234. The declaration in this case is therefore bad for charging the defendants with a trespass to the land of the plaintiff, and also one to the land belonging to the estate of the deceased, the action being brought by the plaintiff in his representative character.

Judgment reversed.