By the Court,

Mitchell, J.
The questions presented here are on demurrers to a declaration consisting of five counts. The principle of the decisions as to joining promises by an executor with promises by the testator is, first, that if the indebtedness was of the testator, or the contract made by him, it may be alledged in one count that the promise was made by him, and in another that it was made by the executor. And that it may also be alledged in the same count that the promise was made by the testator, and a promise was also made by the executor. This last was necessary to protect the plaintiff where the executor had prevented the statute of limitations from running, by promising to pay the debt of the testator; the court holding that this could not be proved under an allegation that the testator had promised; and that if the declaration alledged only a promise of the testator, it would be a departure, in replying to a plea of the statute of limitations, to set up a promise by the executor. Secondly, that if the contract was not made by the testator, and he was not indebted, but the contract was made by the executor, the executor was personally liable, though he might be entitled to pay himself the amount of the money out of the assets of the estate, and therefore' a promise by him in *331 such case could not be joined with a promise by the testator. The rule then, briefly, is that if the declaration shows a contract made by the testator only, and not by the executor, a promise by the testator may be joined with a promise by the executor as such in the same or different counts. But if the declaration sets up a contract made by the testator, it can not be joined with a contract made by the executor. The reason of the rule is, that in the one case the executor would be liable only so far as he had assets, and in the other case he would be liable personally, whether he had assets or not. And a promise alledged to be by the “ defendant, executor'of A. B.” or an accounting by the defendant as executor, and that he was found indebted as executor, have been held to be promises by the executor as executor only, and an accounting on behalf of the testator’s estate and indebtedness in that way only. (Powell v. Graham, 7 Taunt. 580.) So where the count was for money lent to the testator, and on a promise not by him, but by the defendant as surviving executor, it was held good. (Whitaker v. Whitaker, 9 John. 112.) In Coates v. Phelps' Adm'r, (8 Id. 440,) there were counts on goods sold, <fcc. to intestate and promises by him, and by the “ defendant administrator as aforesaidand for money paid for intestate, and promises by him and by the administrator. They were held good, and that it was not necessary to state that the defendant promised as administrator, in order to permit the joining of the promises. The court say, p. 442,A count on a promise made by one executor or administrator as such, and in which he is not charged as personally liable, may be joined with a count on a promise made by the intestate. The rule has become settled. Whether the promise by the intestate and subsequently by the administrator, for the same cause, be in one or in distinct counts, can not be material, nor affect the principle.”
But in Myer, ex'r, v. Cole, &c. (12 John. 349,) a count for money paid to the defendant’s testatrix, and on promises by the decedent, was joined with a count for moneys due by the defendants as executors, for the funeral expenses of their testatrix. On the first count the testatrix had made the contract. The *332 contract in the second .count, though alledged to be by the defendants as executors, was in fact by them personally, inasmuch as their testatrix never had any thing to do with it. It was for funeral expenses, and so must have been made with the executors, according to the natural or ordinary course of things. The two counts, therefore, could not be joined. So also was De Mott v. Field, (7 Cowen, 58.) So also in Bigden v. Park's Ex'r, (2 Bos. & Pul. 424,) it was held that a count on an indebtedness by the testator can not be joined with one for moneys received by the executors, as such, to the use of the plaintiff. For the moneys received by the executors, though received by them as executors, the testator was never liable ; and the executors, therefore, if they received them for the use of the plaintiff, were personally liable for them.
It is very plain, however, that a testator may make a contract which is to continue after his death—as, to pay one for a house to be built for him, either by installments, or when the whole should be finished ; or for conducting a suit to judgment, to be paid when judgment should be obtained. If either of these were partially finished in the testator’s lifetime, and continued and completed afterwards, as they might be, the executors would not be personally liable. And if they told the contractor to go on and finish his work, and promised as executors only, to pay for it when finished, they would not be liable. A different result might follow, if the contractor, doubting the solvency of the estate, should refuse to go on unless the executors would become personally liable for all that he should thereafter do. But such a case is not before us now.
Applying these rules, all the counts in the declaration will be found to be good. Omitting all that is not essential to the question raised, the first count alledges that in consideration that the plaintiff would continue in the testator’s employment as clerk in the testator’s business with Taylor & Co. the testator would pay him 10 per cent on the whole profits of his business with that firm, to he paid when the whole profits should be ascertained and fully known; and that this interest of the plaintiff should commence with the first shipment to that firm in *333 November, 1833, and continue until terminated by the parties or the death of either, and the final accounting upon all such shipments. It then avers that the plaintiff served the said Henry De Groot, as such clerk, to December 31,1840 : that the business was conducted by the testator until his death, on the 21st of February, 1835 ; and that Taylor, “ as such executor,” and Mary De Groot, “ as such executrix,” continued, for the purpose of completion and settlement, on account of the estate of the said Henry De Groot, the said business of said Henry De Groot, with the said firm, to the amount of $400,000, and claims ten per cent on the profits thereof, for the plaintiff.
Here but one contract is set forth, and that was with the testator. No contract with the executor is alledged ; and the contract was by its terms not to be affected by death, but was to continue until terminated by the parties, or the death of either, and the final accounting upon all such shipments. Death alone did not discharge the plaintiff from his duties. He was bound to continue his services after such death as occurred, until the final accounting upon all the shipments. If he had left his clerkship after Mr. Taylor’s death, and before the “ final accounting upon all the shipments,” he could have claimed nothing by virtue of this contract. He could not recover his ten per cent on the whole profits ; even if he could recover, on a quantum meruit, so much as his half finished services were worth. His continuance, therefore, in his original employment, after the testator’s death, and while the executors were continuing the business, was but a fulfillment on his part of a contract still binding him and the testator, and which did not bind the executors personally ; but to which, as the contract of their testator, they were bound to conform, so far as their assets would permit. If in fact the testator did not contract that the employment, or the plaintiff’s interest, was to continue after the testator’s death, then the plaintiff can not recover for any shipments or business done after that time, if he can recover at all on this count.
This count then alledges a request by the plaintiff, of Taylor the executor, to pay the ten per cent, on the 2d of June, 1838, but that he refused because the profits were not then finally as *334 certained, and that “Knowles Taylor, executor as aforesaid, then and there faithfully promised the plaintiff, as such executor, &c. to pay the plaintiff” the said ten per cent when the whole profits should be ascertained.
According to the principles before stated, this promise being made as executor only, and upon a contract made by the testator and not by the executor, bound the executor only so far as he had assets, and not personally.
Letters testamentary were granted to Taylor on the 4th of June, 1835, and to Mrs. DeGrroot on the 11th of December, 1840. The plaintiff, therefore, could not alledge a joint promise by them before the last mentioned day; and as the promise above set forth, bound Taylor, the plaintiff now alledges a promise by Mrs. Degroot, as executrix, on the 12th of December, 1840, after letters testamentary were granted to her; and it is in the same form as the promise of Taylor above set forth. After-wards it is alledged that the whole profits could not be ascertained until December 21,1840, when it was ascertained that they amounted to $100,000 ; and that the defendants had notice thereof, and notice that the ten per cent for the plaintiff’s services and in pursuance of the said promise of the testator, amounted to $10,000. It then alledges that by reason of the premises an action accrued to the plaintiff to demand of “ the defendants, executor and executrix of the will, &c. of the said Henry De-Grroot, the sum of $10,000 in pursuance of said promise of said Henry DeGroot (not of the executors,) and that the defendants, executor and executrix as aforesaid, in consideration thereof undertook and promised to pay, &c. Here again it is plain that the plaintiff clearly avoids counting on a promise by the executors as making them liable, but rests that liability on the facts of the case and the promise of the testator only.
It is said, however, that it is inconsistent to have, as in the conclusion, a joint promise by the executor and executrix, and the several promises before stated, by them. There is no inconsistency. They may each have promised separately, and the two afterwards promised jointly. In fact the two several promises, so far from being inconsistent with one joint promise, would *335 probably be considered in law as one joint promise ; and accordingly the joint promise is so stated.
None of the considerations arose after the testator’s death, as the demurrer alledges. They arose in the testator’s lifetime, and were continued afterwards, in the necessary fulfillment of the contract made by him; as in the case of the building contract.
The third count is substantially like the first, except that it omits the several promises made by the executor and executrix, and states their joint promise, as above, as resulting from their liability as executor and executrix on the promise of said Henry DeGrroot. The first count being good, the third must also be so. The second count is on an indebtedness of the testator to the plaintiff in $10,000 as in the common counts, and then alledges ' a promise by “ Taylor, executor as aforesaid, who was then and there the sole .and only executor who had qualified,” to pay when requested, and that afterwards letters testamentary were granted to Mary DeGrroot; whereby an action had accrued to the plaintiff to have and demand of the defendants, executor and executrix as aforesaid, the said $10,000.
The cause of demurrer assigned is that this count alledges only a several promise by one executor, and yet claims a recovery against both. But the count does more: it shows a cause of action against the testator, namely, his indebtedness, and then alledges a promise by one executor, who was the only qualified executor ; and that was enough. And to show that both might be sued, it adds, that since that promise the executrix has also qualified. She thereby entitled herself to all the rights of an executrix, and subjected herself to all the liabilities of one.
The fourth count alledges that DeGrroot was indebted in $10,000 to the plaintiff, being ten per cent commission, to be made up, as in the first and third counts stated, from the shipment in November, 1833 until a final accounting to be had for the plaintiff’s services as clerk until the said final accounting ; and a promise by the testator to pay the sum, when the profits should be finally ascertained and determined, viz.: on the 31st of December, 1840, and that DeGrroot died February 21, 1835. *336 The objection made to this count, as well as to the 1st and 3d, is that it counts on considerations arising after the testator’s death. That objection has been already answered.
[New-York General Term,
December 1, 1851.
The fifth count is substantially as the fourth, except that it does not state any promise by the testator, but states one by “ the said defendants as executor and executrix as aforesaid.” The same objection is taken to this as to the fourth, and has also been answered.
The conclusion therefore is that all the counts are good ; and the demurrers must be overruled, with liberty to the defendants to plead, on payment of costs.
Edmonds, Müchell and King, Justices.]