HENRY LUSCOMB *vs.* FRANCIS G. BALLARD, Executor.

An executor is not liable, either personally or in his representative capacity, for services beneficial to the estate, performed without his assent, after the testator's death, and before his own appointment, under contract with another executor named in the will, or with a special administrator.

ACTION OF CONTRACT against the executor of the will of Nathan Cook, for services rendered in taking care of the house and furniture of said Cook since his decease.

At the trial in the court of common pleas, before *Sanger*, J.,

there was evidence that the defendant and William H. Osborn were named as executors in the will, which was offered for probate by Osborn, and disallowed by the probate court, and an appeal taken by Osborn, pending which William H. Foster was appointed special administrator, and took and kept charge of the estate ; that the decree of the probate court was reversed by this court, and the will admitted to probate ; and Osborn having declined to accept the trust, the defendant was then appointed sole executor, and took charge of the estate ; that Osborn, a few days after the testator's death, in the capacity of executor, and with the defendant's knowledge, employed the plaintiff to take care of the house and furniture, and agreed to give him a fair compensation for his services ; and that the special administrator did not discharge the plaintiff, but permitted him to remain on the premises.

The defendant objected to evidence of a contract by Osborn, as made by one having no authority to bind the estate ; and also contended that this action could not be maintained against the defendant for services rendered at Osborn's request, nor for services rendered while the estate was in the charge of a special administrator.

But the judge admitted the evidence, and ruled that this action could be maintained for such services as were shown to be beneficial to the estate. The jury returned a verdict for the plaintiff ; and, at the request of the judge, also found specially the value of those services rendered before the appointment of the special administrator ; and that the defendant did not assent to the employment of the plaintiff. The defendant excepted.

*J. W. Perry*, for the defendant.

*S. H. Phillips*, for the plaintiff.

The decision was made at November term 1856.

Thomas, J. The jury have found that the defendant neither caused, nor in any way assented to the employment of the plaintiff, for the services for which this suit is brought. He cannot therefore be charged *de bonis propriis.*

If not liable as of his own goods, has the estate in his hands been charged by the acts of Osborn, or the special administrator,

so that there may be a judgment *de bonis testatoris?* We think not; but that the law is, that by a promise, the consideration of which arises after the death of the testator or intestate, the estate cannot be charged, but that the executor or administrator is personally liable on his contract. And whether the amount is to be repaid from the estate is a question for the court of probate, in the settlement of his account.

The old doctrine seems to have been, that, upon any promise made after the death of the testator or intestate, the executor or administrator was chargeable, if at all, as of his own goods, and not in his representative capacity. *Trewinian* v. *Howell*, Cro. Eliz. 91. *Hawkes* v. *Saunders*, Cowp. 289. *Jennings* v. *Newman*, 4 T. R. 348. *Brigden* v. *Parkes*, 2 Bos. & Pul. 424.

The more recent authorities, however, have settled that an executor may, in some cases, be sued in his representative capacity on a promise made by him as executor; and a judgment had *de bonis testatoris.* But it will be found that, in these cases, that which constituted the consideration of the promise or the cause of action arose in the lifetime of the testator. *Dowse* v. *Coxe*, 3 Bing. 26. *Powell* v. *Graham*, 7 Taunt. 581. *Ashby* v. *Ashby*, 7 B. & C. 444. And an action for goods sold and delivered to one as executor, or for work done for one as executor, charges the defendant personally, and not in his representative character. *Corner* v. *Shew*, 3 M. & W. 350. See also *Forster* v. *Fuller*, 6 Mass. 58; *Sumner* v. *Williams*, 8 Mass. 162; *Davis* v. *French*, 20 Maine, 21; *Myer* v. *Cole*, 12 Johns. 349.

In this commonwealth, an exception is made in the case of funeral expenses of the deceased. For these, the executor or administrator may be charged in his representative character, and judgment be rendered *de bonis testatoris.* But the case stands on its peculiar ground, and is to be limited to it. *Hapgood* v. *Houghton*, 10 Pick. 154.

The modern English doctrine on this point is, that if the executor or administrator gives orders for the funeral, or ratifies or adopts the acts of another party who has given orders, he makes himself liable personally, and not in his representative

capacity. *Brice* v. *Wilson,* 8 Ad. & El. 349, *note.* *Corner* v *Shew,* 3 M. & W. 350. 2 Williams on Executors, 1522.

If the contract of Osborn, or of the special administrator, did not charge the estate, of course the defendant can in no form be liable.

In this view of the case, it is unnecessary to consider how far the contract of Osborn, who was named executor in the will, but declined the trust, could bind the estate. If the executor could not so charge the estate, *a fortiori* one who never accepted the trust could not.                      *Exceptions sustained.*