BRIDGEPORT SAVINGS BANK vs. RANDALL, Governor &c., impleaded with others.

A complaint for foreclosure alleged that "A. W. R., Governor of the State of Wisconsin," claimed an interest in the mortgaged premises, subsequent to the plaintiff's lien. *Held*, that the words "Governor" &c. were mere *descriptio personæ*, and did not raise the question whether the circuit court had jurisdiction of an action against the governor in his official capacity.

This court will not reverse an order refusing to allow an amendment which was immaterial.

APPEAL from the Circuit Court for *Dane* County.

Foreclosure of a mortgage of real estate. Among the parties made defendants as having an interest subsequent to the lien of the mortgage, was "*Alexander W. Randall*, Governor of the State of Wisconsin," who demurred, on the grounds that the complaint did not state facts sufficient to constitute a cause of action against him as governor of said state; that the court had not jurisdiction of him as such governor; and that the court had not "jurisdiction of an action against the state, or against him as the executive department of said state." The circuit court made an order sustaining the demurrer; from which the plaintiff appealed.

*Julius T. Clark*, for appellant.

*J. C. Hopkins*, for respondent.

*By the Court*, COLE, J. The counsel for the respondent October 11. states in his brief that the main and important question in this case is, whether *Randall*, as governor of the state, was liable to be prosecuted in the circuit court for the purpose of cutting off any right or interest in the mortgaged property vested in him as the executive of the state. It is argued that the executive, being a co-ordinate branch of the government, is not liable to be sued in the courts of the state.

Whether these propositions are correct or not, we shall not stop to inquire, for the reason that according to our understanding of the complaint, they do not arise in the case, and are not before us. The action is to foreclose a mortgage. It is alleged in the complaint that "*Alexander W. Randall*, Governor of the State of Wisconsin—with many other per-

June Term, 1862.

BRIDGEPORT SAVINGS BANK v. RANDALL et al.

sons who are made parties defendant—claims to have some interest in the mortgaged premises. But what that claim or interest is does not appear, further than that it is alleged to be subsequent to the mortgage and subject thereto. It is the usual allegation in a complaint for the foreclosure of a mortgage as against subsequent incumbrancers. We are not authorized to assume from the words "Governor of the state of Wisconsin," that *Randall* is sued in his official character as executive of the state; or that the state has any right or interest whatever in the mortgaged property to be affected by the litigation. On the contrary, we think the fair inference is, that *Randall* is a subsequent incumbrancer, or is in some way personally interested in the mortgaged premises. The words " governor," &c., are evidently merely *descriptio personæ*, and have no more significance, as here used, than any other title or description that might have been given him. They certainly do not show that he is sued in his official character as chief magistrate, or that he represents any interests which concern the state. If he is a subsequent incumbrancer, or is interested in the mortgaged property as trustee or otherwise, we do not suppose the fact that he is governor will prevent a foreclosure of the mortgage, or deprive the court of the power of making a decree barring his equities in the real estate. We do not perceive that any other objection is taken to the complaint of sufficient importance to require further notice.

We therefore think the demurrer to the complaint was improperly sustained. The order overruling it must be reversed, and the cause remanded for further proceedings.

An appeal was also taken in the same case, from an order denying a motion to amend the complaint.

*By the Court*, COLE, J. After a demurrer to the complaint had been sustained, on the ground that the suit was against Governor *Randall* in his official character, and therefore that the court had no jurisdiction so far as he was concerned, the appellant asked leave to amend the complaint so as to obviate the objection, by setting forth that the only interest which *Randall* had in the premises, was by virtue of a cer-

tain mortgage, in which he had been named as trustee in trust for the holders of the bonds which the mortgage was given to secure. The application to make this amendment was denied, and an appeal taken from that order.

We have already held that there is nothing in the complaint which authorized the assumption that the suit was against *Randall* as the executive of the state, or that the state was in any way interested in the litigation; on the contrary, that the allegation shows that the suit is against him personally, as a subsequent incumbrancer, or as having some interest in the property, subject to the mortgage. The amendment offered, therefore, was entirely unnecessary.

Although the provision of the statute in regard to the power of the court to amend the pleadings is exceedingly broad and liberal, still we do not suppose the court should allow an amendment when immaterial. Or if the court refuses the amendment, but not for that reason, yet if we are of the opinion that it was immaterial and unnecessary, we surely cannot say the court erred in its decision.

It follows that the order refusing the amendment must be affirmed.