MAGEE and others vs. THE BOARD OF SUPERVISORS OF WAU-PACA COUNTY and another.

PLEADING. *Words in a complaint, describing plaintiffs as " surviving executors and trustees," treated as mere surplusage.*

In an action to avoid certain taxes and tax sales of land, plaintiffs allege in the complaint that at the time of the assessment of said taxes they were owners in fee simple of the lands, and liable for the payment of all taxes legally assessed thereon, and have ever since been such owners. In the title of the cause they are described as " surviving executors and trustees " of a certain estate. *Held*, that these words in the title must be treated as a mere superfluous addition, the complaint showing that plaintiffs sue, and have a cause of action, in their own right.

APPEAL from the Circuit Court for *Waupaca* County.

Action to avoid certain taxes, tax sales and certificates of sale, on lands in the county of Waupaca.

In the title of the case in the complaint, the plaintiffs are described as "surviving executors and trustees of the estate of John Magee, deceased;" but the complaint states that "the plaintiffs were, on the first day of January, 1871, and ever since have been and now are, the owners in fee simple of, and liable for the payment of all taxes legally levied and assessed upon," the lands described, the assessment and sale of which is complained of; and no allusion whatever is made in the body

of the complaint to any trust estate, or to any appointment or claim of the plaintiffs in an official or trust capacity.

The defendants demurred to the complaint upon several grounds, the chief one of which, and the only one urged upon the argument, is stated in the opinion.   The demurrer was sustained, and the plaintiffs appealed.

*Sloan, Stevens & Morris*, for appellants, argued that the complaint stated a cause of action in favor of the plaintiffs in their own right, and that the words " executors and trustees " were merely *descriptio personæ* (*Robbins v. Gillett*, 2 Chand., 96 ; *Sanford v. McCreedy*, 28 Wis., 103 ; *Bridgeport Savings Bank v. Randall*, 15 id., 541 ; *Merritt v. Seaman*, 6 N. Y., 168 ; *Butterfield v. McComber*, 22 How. Pr., 150 ; *Root v. Price*, id., 372) ; and that if the lands had been conveyed to the plaintiffs by the will of John Magee, or by some other person since his death, with the addition contained in the title of the complaint, the title thus acquired was set out in the only proper way.   *Henshall v. Roberts*, 5 East, 150.

*F. F. Wheeler* and *E. L. Browne*, for respondents, as to the authority of executors to sue, and the necessity of allegations in the complaint showing their appointment and compliance with the statute, cited 2 Tay. Stats., 1282, §§ 24, 25, and 1720, §§ 25, 26 ; 1 Wait's Pr., 108, § 3 ; *Johnson v. Wilson*, 1 Pin., 65, 70 ; *Moir v. Dodson*, 14 Wis., 279 ; 2 Kent's Com., 432, n. (c); *Beach v. King*, 17 Wend., 197 ; 1 Tiffany & Smith's Pr., 349 ; *Gillett v. Fairchild*, 4 Denio, 80.

COLE, J.   The principal if not the only objection taken to the complaint is, that the plaintiffs have no legal capacity to sue, in this, that it appears that they sue as surviving executors and trustees, and there is no allegation that they have been appointed as such by any court of this state having jurisdiction to appoint them ; nor does it appear that they have filed an authenticated copy of their appointment in Waupaca county, where this action is brought, if appointed in another state.   The

objection is founded, of course, upon the assumption that the plaintiffs have brought the action in a representative and not individual character. But this assumption is not well founded. It is true, in the title of the suit the plaintiffs are described as "surviving executors and trustees of the estate of John Magee, deceased." But there is nothing in the complaint which supports the inference that they claim title to the real estate in their right as executors and trustees. On the contrary, it is alleged "that the plaintiffs were, on the first day of January, 1871, and ever since have been, and now are, the owners in fee simple of, and liable for the payment of all taxes legally assessed upon," the lands. In other words, they claim the lands in their own right, having a fee simple title. And the words "executors and trustees," by which they are described in the title, are to be regarded as merely *descriptio personæ*, and do not determine the character in which the plaintiffs sue. This seems to be well settled by the authorities. *Robbins v. Gillett*, 2 Chand., 96; *Bridgeport Savings Bank v. Randall*, 15 Wis., 541; *Sanford v. McCreedy*, 28 id., 103; *Merritt v. Seaman*, 6 N. Y., 168; *Butterfield v. Macomber*, 22 How. Pr., 150; and *Root v. Price*, id., 372. The words may be treated "as a mere superfluous addition, just as if the word 'carpenter' had been idly introduced." 1 Chitty's Pl., 252. There can be no doubt that the complaint states a cause of action in favor of the plaintiffs in their own right, and not in the character of executors or trustees. The demurrer was therefore improperly sustained.

*By the Court.* — The order of the circuit court is reversed, and the cause remanded for further proceedings.

RYAN, C. J., took no part in the decision of this cause.